O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**    (In Chambers) Order Granting Plaintiff's Motion for Remand

Pending before this Court is Plaintiff's Motion to Remand. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiff's Motion to Remand.

I.    BACKGROUND

According to the plaintiff in this case, 220 Laboratories, Inc. ("Plaintiff"), in August 2006, it entered into an oral contract with two of the four defendants in this case: David Babaii ("Babaii"), an individual, and David Babaii for Wildaid ("DBWA"), a limited liability company.[1] Under the terms of that contract, Plaintiff was to develop and manufacture, inter alia, a hair care line.

In November 2006, Plaintiff allegedly provided Defendants Babaii and DBWA with what Plaintiff refers to as "Plaintiff's Story." Essentially a marketing idea, Plaintiff's Story consists primarily of Plaintiff's plan to incorporate volcanic ash from an island in the Vanuatu Island chain in the South Pacific into its beauty products. Then, on or around December 7, 2006, Plaintiff provided Defendants Babaii and DBWA with "video and photographs of . . . its agents' trip to Vanuatu evidencing the collection of volcanic ash and the surviving environmental life surrounding the ash, for use in promotion of the Products being developed and manufactured by Plaintiff . . . ." *Compl.* ¶ 18. Plaintiff refers collectively to this video and these photographs as

---

[1]The other two defendants in this case are Kate Hudson ("Hudson") and Universal Packaging Systems, Inc. ("Universal"). Collectively, these four defendants will be referred to as "Defendants."

**O** / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

"Plaintiff's Footage." *Id.* Then, on or around January 6, 2007, Plaintiff provided Defendants Babaii and DBWA with "a description of and list of ingredients for Plaintiff's 'Vanuatu Complex.'" *Id.* at ¶ 29. Plaintiff refers to this ingredient list and the marketing concept behind it as "the Ingredient Story." *Id.* According to Plaintiff, the Ingredient Story was provided to Defendants Babaii and DBWA to aid in the marketing of the products Plaintiff was developing and manufacturing for these defendants.

For the next month, the development and manufacture of these beauty products apparently continued without serious disruption. Then, in April and May 2007, the business relationship between Plaintiff and Defendants Babaii and DBWA began to fall apart. On April 17, for example, Plaintiff claims that it provided Defendants Babaii and DBWA with updated price quotes and updated copies of Plaintiff's ingredient lists for the products in question. Immediately thereafter, Defendants Babaii and DBWA allegedly contacted Defendant Universal and requested that Defendant Universal manufacture the products in question at a price lower than that offered by Plaintiff. Allegedly, during this time period Defendants Babaii and DBWA also provided Defendant Universal with Plaintiff's ingredient lists and samples of Plaintiff's products. Then, in or around mid-July 2007, Defendants Babaii and DBWA traveled to a Las Vegas trade show and, while there, allegedly used Plaintiff's Footage in their promotional materials to promote a product line based on Plaintiff's Story and the Ingredient Story.

On August 22, 2008, Plaintiff filed its Complaint in the Superior Court of the State of California, County of Los Angeles. Less than thirty days later, Defendants timely removed this action to the Court. Exactly one month after that, Plaintiff filed the instant Motion to Remand,[2] the basis of which is relatively simple. According to Plaintiff, when drafting its Complaint, it consciously chose to pursue relief solely under California law. Accordingly, as complete diversity does not exist in this case,[3] and as no federal question is present, this Court lacks subject matter jurisdiction. It is Defendants' position, however, that many of Plaintiff's claims are actually copyright claims, disguised as state law claims. Accordingly, Defendants contend that these claims fall under the Copyright Act and thus a federal question is present, thereby conferring subject matter jurisdiction on the Court.

II.     LEGAL STANDARD

---

[2] In addition to moving for remand, Plaintiff also moves for attorney's fees and costs incurred as a result of what Plaintiff claims was an improper removal.

[3] Plaintiff claims that it is a California corporation and that at least Defendants Babaii and DBWA are California citizens.

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

Generally, a state civil action is removable only if it could have been originally filed in federal court. 28 U.S.C. § 1441. Where, as here, the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party seeking removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). Additionally, controlling precedent establishes that in determining whether removal is proper, district courts must strictly construe the removal statute against removal jurisdiction. *Id.*

By its own terms, the removal statute provides that a state civil action is removable if it is premised upon either the presence of a federal question or the diversity of the parties. 28 U.S.C. § 1441. Where a defendant contends that a claim "arises under" federal law for removal purposes, federal courts employ the same "well-pleaded complaint rule" that determines original federal question jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921 (1998). In other words, federal courts have "jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

The "well-pleaded" complaint rule makes a plaintiff the "master of the claim" for purposes of removal jurisdiction. *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002). This means that where a plaintiff could maintain claims under both federal and state law, a plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Importantly, though, it is now well-established that the rule that a plaintiff is the "master of the claim" is subject to an important limitation: a plaintiff cannot defeat removal of a federal claim by disguising or "artfully pleading" it as a state claim. *Franchise Tax Board*, 463 U.S. at 22. Thus, if a court concludes that a plaintiff has "artfully pleaded" claims, the court may uphold removal even though no federal question appears on the face of the plaintiff's complaint. *Rivet*, 522 U.S. at 475. Notably, this limitation refers only to those situations where a plaintiff's only claim is a federal one. *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990). It does not apply where a plaintiff has a viable state law claim, as well as a federal claim, and simply chooses to sue on the state claim. *Id.*

III. DISCUSSION

    A. <u>Plaintiff's Motion to Remand</u>

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

Plaintiff moves to remand this case on the ground that all of the claims asserted against Defendants are state law claims that are not preempted by the Copyright Act. To determine whether Plaintiff is correct, the Court must apply a two-part test. Under this test, a state statutory or common law claim is preempted by the Copyright Act (1) if the claim involves a "work" that comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under the state law are equivalent to the rights contained in 17 U.S.C. § 106. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006).

       1.     <u>Whether the "Works" at Issue Come Within the Subject Matter of Copyright</u>

It is Defendants' position that several state claims asserted against them are preempted by the Copyright Act. These claims all are based on the following three "works": Plaintiff's Story, the Ingredient Story, and Plaintiff's Footage. In accordance with controlling precedent, the Court first analyzes whether any of these "works" are within the subject matter of copyright.

          a.     <u>Plaintiff's Story</u>

All seventeen causes of action asserted against Defendants appear to be, in some way or another, premised upon Defendants' unauthorized use of Plaintiff's Story.

It is a fundamental precept of copyright law that the Copyright Act applies only to those works "fixed in a tangible medium of expression." 17 U.S.C. § 102(a). Relying on this well-established rule of law, Plaintiff argues that its Story is comprised solely of "ideas" that were never fixed in any tangible medium of expression; thus, any claims based on its Story cannot be preempted by the Copyright Act. Defendants, on the other hand, contend that Plaintiff's Complaint belies its argument. By way of example, Defendants direct the Court's attention to certain allegations made by Plaintiff regarding the alleged conversion of its "personal property." *See* Compl. ¶ 99. As is clear from the face of the Complaint, this "personal property" includes Plaintiff's Story. *See id.* at ¶¶ 18, 99. According to Defendants, since a conversion claim requires interference with tangible property, it follows that Plaintiff's attempt to recover for the conversion of its Story is an admission that these "ideas" were in fact fixed in a tangible medium of expression.

After reviewing the Complaint and the applicable law, the Court finds Defendants' argument to be unpersuasive. Although conversion generally requires interference with tangible

**O** / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

property, *see Roth Drugs v. Johnson*, 13 Cal. App. 2d 720 (1936), 5 Witkin, *Summary of California Law* §§ 701-02 (2005), such is not always the case. For dozens of years, courts have relaxed the tangible property requirement and found conversion of intangibles. *See, e.g.*, *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896 (9th Cal. 1992); *Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718 (9th Cir. 1984); *A & M Records, Inc. v. Heilman,* 75 Cal. App. 3d 554, 142 Cal. Rptr. 390 (1978); *Don King Productions/Kingvision v. Lovato*, 911 F. Supp. 419 (N.D. Cal. 1995). Thus, the fact that Plaintiff has brought a conversion claim does not necessarily constitute an admission that it has fixed Plaintiff's Story in a tangible medium of expression.

As further support for their argument, Defendants point to language in the Complaint that they claim is further evidence that Plaintiff fixed its Story in a tangible medium of expression. Specifically, they point to an allegation in which Plaintiff avers that it "provided" Defendants with Plaintiff's Story. *See Compl.* ¶ 15. But Plaintiff's use of the verb "provided" does not exclusively connote the passage of tangible property from one person to another. Indeed, people have been providing intangible things to one another throughout the course of human history. *See generally* Daniele M. Kallproth, et al., *Story, Performance, and Event: Contextual Studies of Oral Narrative* (1986). Thus, Plaintiff's choice of diction cannot be read to constitute an admission that it has fixed its "work" in a tangible medium of expression.

In summary, the Court has reviewed the entire Complaint and has not found one allegation that Plaintiff's Story was fixed in a tangible medium of expression. Accordingly, the Court finds that Plaintiff's Story does not come within the subject matter of copyright.

    b.  <u>The Ingredient Story</u>

Several of Plaintiff's causes of action, such as the first and second causes of action, are premised on allegations that Defendants misappropriated Plaintiff's Ingredient Story. The Ingredient Story consists of Plaintiff's ingredient lists and the concepts behind them. *See Compl.* ¶ 29.

As Plaintiff correctly points out, the mere listing of ingredients, as in recipes, formulas, or compounds, is not subject to copyright protection. *See* 37 C.F.R. § 202.1(a) ("The following are examples of works not subject to copyright and applications for registration of such works cannot be entertained . . . mere listing of ingredients or contents."); *Publ'ns Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473 (7th Cir. 1996) (holding that recipes are not copyrightable).

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

Accordingly, the Court finds that the Ingredient Story does not come within the subject matter of copyright.

        c.      Plaintiff's Footage

According to Plaintiff, "On or around December 7, 2006, Plaintiff provided video and photographs to DEFENDANTS of its agents' trip to Vanuatu evidencing the collection of volcanic ash and the surviving environmental life, surrounding the ash, for use in promotion of the Products being developed and manufactured by Plaintiff (hereinafter 'Plaintiff's Footage')." *Compl.* ¶ 18. Presently, ten of the seventeen causes of action in this case appear to rest on allegations that Defendants used Plaintiff's Footage without Plaintiff's authorization.

The Copyright Act embraces "[w]orks of authorship" such as "pictorial works" and "motion pictures and other audiovisual works." *See* 17 U.S.C. § 102(a)(5)-(6). Accordingly, the Court finds that Plaintiff's Footage comes within the subject matter of copyright.

        d.      Conclusion

After reviewing the Complaint, the Court finds that only Plaintiff's Footage comes within the subject matter of copyright. Accordingly, the following analysis is confined to those claims based on Defendants' allegedly unlawful conduct relating to Plaintiff's Footage.

        2.      Whether the *Claims* Involve "Works" That Are Within the Subject Matter of Copyright

According to Defendants, Plaintiff–in ten different claims–seeks to protect rights in its Footage that are equivalent to the rights protected under the Copyright Act. However, for the reasons expressed below, the Court finds that in fact only six of Plaintiff's claims seek to protect rights in its Footage; the others, by contrast, seek to protect rights in "works" that are not within the subject matter of copyright.

        a.      Misappropriation of Trade Secrets (First Cause of Action)

Plaintiff's first cause of action asserts a claim for misappropriation of trade secrets against Defendants Babaii, DBWA, and Hudson. It is Defendants' position that since this cause of action rests on allegations that Defendants used Plaintiff's Footage without authorization, this claim is preempted by the Copyright Act. Read properly, though, the allegations relating to this

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

tort claim relate to Defendants' alleged misappropriation of Plaintiff's ingredient lists, not Plaintiff's Footage.[4] As this tort relates to Plaintiff's ingredient lists, which are "works" that do not come within the subject matter of copyright, it follows that this claim is not preempted by the Copyright Act.

        b.      <u>Conspiracy to Misappropriate Trade Secrets (Second Cause of Action)</u>

Plaintiff's second cause of action asserts a claim for conspiracy to misappropriate trade secrets against Defendants Babaii, DBWA, and Hudson. As was the case with Plaintiff's first cause of action, Defendants argue that this claim is preempted by the Copyright Act because it rests on allegations that Defendants used Plaintiff's Footage without authorization. However, after reviewing the Complaint, such does not appear to be the case.

Like Plaintiff's first cause of action, this claim appears to rest on allegations that relate to Plaintiff's ingredient lists, not Plaintiff's Footage. In fact, Plaintiff's Footage is once again only mentioned in passing. *See Compl.* ¶ 79. Specifically, Plaintiff avers that as a result of the conspiracy to misappropriate its ingredient lists, the value of its Footage diminished and it lost the benefits of its Footage. *See id.* Defendants attempt to construe this allegation as an allegation concerning intellectual property rights in Plaintiff's Footage. But such a construction is unwarranted. Read properly, this allegation concerns the issue of damages relating to the violation of Plaintiff's rights in its ingredient lists. It does not, however, concern the violation of any exclusive rights in Plaintiff's Footage. Accordingly, the Court rejects Defendants' (mis)construction of this cause of action and instead finds that this claim is not preempted by the Copyright Act.

        c.      <u>Breach of Covenant of Good Faith and Fair Dealing (Seventh Cause of Action)</u>

Plaintiff's seventh cause of action is a claim for breach of a covenant of good faith and fair dealing and is asserted against Defendants Babaii and DBWA. As was the case with the two claims discussed above, Defendants contend that this claim is based on their allegedly

---

[4]Indeed, in the twelve allegations that comprise this cause of action, Plaintiff's Footage is only briefly mentioned in one allegation. *See Compl.* ¶ 71. That allegation is essentially a boilerplate allegation relating to Plaintiff's prayer for relief.

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

unauthorized use of Plaintiff's Footage. However, after reviewing the Complaint, it appears that this claim does not inhere in a "work" that comes within the subject matter of copyright.

According to Plaintiff, it "entered into an oral contract in August 2006 to develop and manufacture, including, but not limited to, filling bottles and providing raw materials, a hair care line that was to include, but was not limited to, a sculpting clay, shampoo(s), conditioner(s), a beach spray and aerosol hairsprays (hereinafter referred to as "the Contract.")." *Compl.* ¶ 91. Later in the Complaint, Plaintiff avers that "[t]he Contract referred to above contained an implied covenant of good faith and fair dealing," the likes of which Defendants allegedly breached. *See id.* at ¶ 112. Importantly, the Contract apparently contains promises relating only to the use of Plaintiff's Story and its Ingredient Story, not its Footage. *See id.* at ¶¶ 90-97 (breach of contract claim).

Since the Contract is based on two "works" which are outside the ambit of copyright protection, the Court finds that any covenants relating to the use of those "works" must also be outside the scope of the Copyright Act. Accordingly, the Court finds that the Copyright Act does not preempt these claims.

d. Breach of Implied Contract (Eighth Cause of Action)

Plaintiff's eighth cause of action is a claim for breach of implied contract and is asserted against Defendants Babaii and DBWA. Defendants argue that the allegations that comprise this claim concern Defendants' alleged unauthorized use of Plaintiff's Footage. However, this cause of action relates more to Defendants' conduct with regard to Plaintiff's Story and Ingredient Story, than it does with regard to Plaintiff's Footage.

Plaintiff avers that Defendants breached this implied contract by "using, and continuing to use, Plaintiff's Story, the Ingredient Story and *Plaintiff's Footage*." *Id.* at ¶ 126 (emphasis added). However, this brief mentioning of Plaintiff's Footage is not enough to warrant a finding that Plaintiff is attempting to artfully plead around the Copyright Act. *Franchise Tax Board*, 463 U.S. at 22. Read properly, this implied contract centers on a promise allegedly made by Defendants to use Plaintiff's Story and the Ingredient Story "only in marketing the Products developed by Plaintiff for manufacture by Plaintiff." *Compl.* ¶ 125. It does not, by contrast, center on a promise made by Defendants to use (or not to use) Plaintiff's Footage in certain ways. Thus, at its core, this claim concerns a promise relating to Plaintiff's Story and its Ingredient Story, not Plaintiff's Footage. And it is that promise which is determinative. As this

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

promise is based on two "works" that are outside the scope of copyright protection, the Court finds that the Copyright Act does not preempt a claim based on a breach of this promise.

e. Conclusion

The Court finds that the preceding four claims are based on "works" that are not within the subject matter of copyright. Accordingly, the Court need not determine whether the rights plaintiff seeks to protect in these claims amount to rights that are qualitatively different from copyright. *Laws*, 448 F.3d at 1137-38.

3. Whether the Rights Granted Under the State Law Are Equivalent to the Rights Contained in § 106

The following six claims inhere in a "work" that comes within the subject matter of copyright, namely Plaintiff's Footage. In determining whether these claims seek to protect rights that are equivalent to the rights protected under the Copyright Act, *Laws*, 448 F.3d at 1137-38, the Court is mindful of the Ninth Circuit's explanation that "[p]reemption analysis involves determining whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action 'so that it is qualitatively different from a copyright . . . infringement claim." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1440 (9th Cir. 1993) (citations omitted).

a. Fraud (Third Cause of Action)

Plaintiff's third cause of action is a claim for fraud, asserted against Defendants Babaii and DBWA. The Ninth Circuit has held that a fraud claim is not substantially equivalent to a copyright claim because it contains the "extra element" of intentional misrepresentation.[5] *See Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989); see also *Dielsi v. Falk*, 916 F. Supp. 985, 991 (C.D. Cal. 1996) (applying *Valente-Kritzer*). Following controlling precedent, the Court finds that Plaintiff's third cause of action is not preempted by the Copyright Act.

---

[5]Under California law, the elements of fraud are: "(1) misrepresentation of a material fact . . .; (2) knowledge of falsity . . .; (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *See City of Atascadero v. Merrill Lynch*, 68 Cal. App. 4th 445, 481, 80 Cal. Rptr. 2d 329 (1999).

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

        b.      <u>Conversion (Fifth Cause of Action)</u>

Plaintiff's fifth cause of action is a claim for conversion of Plaintiff's Footage, asserted against Defendants Babaii and DBWA. As was the case with Defendants' argument relating to Plaintiff's fraud claim, the Court finds Defendants' argument here unpersuasive. The Ninth Circuit has stated that "[c]onversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted." *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984) (citing *Harper & Row, Publishers v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983)). As the Ninth Circuit briefly explained in *Oddo*, this is because conversion adds an "extra element" beyond those elements required to state a claim for copyright infringement—namely, Plaintiff must demonstrate that defendants wrongfully obtained possession over a specific piece of property. *Oddo*, 743 F. 2d at 635; *see also Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds). Therefore, following *Oddo*, the Court finds that Plaintiff's claim for conversion is not preempted.

        c.      <u>Accounting (Tenth Cause of Action)</u>

Plaintiff's Tenth Cause of Action is a claim for accounting asserted against Defendants Babaii, DBWA, and Hudson. Put simply, Plaintiff alleges that Defendants, "having used Plaintiff's Story, the Ingredient Story and Plaintiff's Footage," released certain products on or around June 13, 2008. *Compl.* ¶ 144. As a result of this release, Defendants have received sums of money, a portion of which Plaintiff alleges is due to it. *Id.* Since Plaintiff does not know the exact amounts of money received by Defendants, Plaintiff now requests an accounting. *Id.*

Although Defendants do contend that this claim is preempted by the Copyright Act, they have only adduced unsubstantiated argument in support of their position. It was incumbent upon Defendants to point this Court to some legal authority to support their position. *See Emrich*, 846 F.2d at 1195 (noting the burden of establishing federal jurisdiction is on the party seeking removal). Their failure to do is fatal to their argument.

Accordingly, because Defendants have failed to carry their burden on this issue, *id.*, the Court rejects their argument and finds that this claim is not preempted by the Copyright Act.

        d.      <u>Intentional Interference with Prospective Business Advantage (Fourteenth Cause of Action)</u>

**O** / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17 / 22**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

Plaintiff's fourteenth cause of action is a claim for intentional interference with prospective business advantage, asserted against all Defendants.

Like other state law claims, a claim for tortious interference with contractual relations may be preempted if it alleges rights equivalent to those protected by copyright. Accordingly, several courts have found preemption where the claim is predicated on the unauthorized reproduction of creative work. *See Harper & Row*, 723 F.2d 195 at 201; *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1240 (C.D. Cal. 1987). Thus, whether this claim is preempted ultimately turns on whether the gravamen of Plaintiff's claim is an alleged violation of Plaintiff's exclusive rights under the Copyright Act. *Harper & Row*, 723 F.2d at 201.

Plaintiff's claim for intentional interference with prospective business advantage alleges that Defendants' conduct "resulted in actual disruption of Plaintiff's actual and potential business relationship, in that Plaintiff is unable to use the ideas and items provided to and misappropriated by" Defendants. *Compl.* ¶ 175. Although unclear from the Complaint, presumably this reference to "items" includes Plaintiff's Footage. *See id.* at ¶ 171 (incorporating by reference all preceding allegations). Assuming that this reference to "items" does in fact include Plaintiff's Footage, the Court must next determine whether Plaintiff seeks to vindicate rights in the Footage that are equivalent to those protected by copyright.

In making this determination, the Court finds that Plaintiff's conversion claim provides much needed insight. In that claim, Plaintiff essentially urges that it has been deprived of the possession, and by extension, use, of its Footage. *See id.* at ¶¶ 98-105. Put otherwise, Plaintiff is claiming interference with its tangible rather than intangible property. As such, that claim—the conversion claim—is immune from preemption. *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 457 (5th Cir. 2003); *Dielsi*, 916 F. Supp. at 992.

Like the conversion claim, the gravamen of Plaintiff's fourteenth cause of action appears to center not on a violation of an exclusive right, but on the fact that Plaintiff has been dispossessed of a copy of its Footage. That is, this claim appears to be based on a violation of Plaintiff's tangible property right in the chattel allegedly converted, not on Plaintiff's exclusive rights under the Copyright Act. *See Harper & Row*, 723 F.2d at 201. As such, the Court finds that this claim is not preempted.

        e.      <u>Conspiracy to Interfere with Prospective Business Advantage (Fifteenth Cause of Action)</u>

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 / 22

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

Plaintiff's fifteenth cause of action asserts a claim for conspiracy to interfere with prospective business advantage against all Defendants.

Several cases have held civil conspiracy claims preempted by the Copyright Act. *See, e.g., Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 960 (N.D. Ill. 2002); *Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222 (E.D. Va. 1989). Importantly, though, in these cases the civil conspiracy claim was premised on allegations supporting a claim the courts previously found preempted. For example, in *Higher Gear Group, Inc.*, the court had found that the allegations supporting the plaintiff's claims for tortious interference were preempted by the Copyright Act. 223 F. Supp. 2d at 960. The court then preempted the civil conspiracy claim because it was premised on the same allegations as the tortious interference claim. *Id.*

Unlike in *Higher Gear Group Inc.*, here, the civil conspiracy claim is premised on allegations supporting a tortious interference claim which the Court has determined to *not* be preempted. Accordingly, it follows that the civil conspiracy claim—which is based on similar allegations—is also not preempted by the Copyright Act.

    f. <u>Negligent Interference with Prospective Business and Advantage (Sixteenth Cause of Action)</u>

Plaintiff's sixteenth cause of action asserts a claim for negligent interference with prospective business advantage against all Defendants. The allegations on which this claim is based are essentially the same allegations on which Plaintiff's claim for intentional interference with prospective business advantage are based. Accordingly, the reasoning that applied with respect to Plaintiff's fifteenth cause of action applies here. Therefore, the Court finds, consistent with its reasoning above, that this claim is not preempted.

    4. <u>Conclusion</u>

After reviewing Plaintiff's Complaint, the Court finds that none of its claims are preempted by the Copyright Act. Accordingly, the Court GRANTS Plaintiff's Motion for Remand.

  B. <u>Plaintiff's Motion for Costs and Attorney's Fees</u>

**O** / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17 / 22**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6125 PSG (SSx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | 220 Laboratories, Inc. v. David Babaii | | |

  In addition to moving for remand, Plaintiff also moves for costs and attorney's fees incurred in relation to this Motion. The Court finds that an award of costs and attorney's fees is not warranted in this case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) (noting that determinations under 28 U.S.C. § 1447(c) are left to the district court's discretion).

IV. <u>CONCLUSION</u>

  Based on the foregoing reasons, the Court GRANTS Plaintiff's Motion for Remand and DENIES Plaintiff's Motion for Costs and Attorney's Fees. The court clerk is hereby ordered to close this case.